**Alpha Amadou DIALLO, a.k.a. Falillou Diallo, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 08–5094–ag.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

Thomas V. Massucci, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Janice K. Redfern, Senior Litigation Coun-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

sel, Elizabeth Young, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Alpha Amadou Diallo, a native and citizen of Guinea, seeks review of a September 25, 2008 order of the BIA affirming the July 19, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alpha Amadou Diallo,* No. A099 587 680 (B.I.A. Sept. 25, 2008), *aff'g* No. A099 587 680 (Immig. Ct. N.Y. City Jul. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-,* 24 I. & N. Dec. 260, 265 (BIA 2007).

Taken as a whole, the IJ's adverse credibility determination is supported by sub-stantial evidence. The IJ properly noted that Diallo's testimony and his asylum application were inconsistent regarding whether: (1) he was detained in 2002; (2) he was beaten during his 2004 detention; and (3) his father was arrested. Diallo's argument that he provided reasonable explanations for these inconsistencies is without merit because no reasonable fact-finder would have been compelled to credit his explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Thus, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Having called Diallo's credibility into question, the IJ did not err in finding that he failed to provide sufficient corroborating evidence to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Because the only evidence of a threat to Diallo's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).